**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6383**

_____

DALLAS SAVILLE TILLMAN,

Plaintiff - Appellant,

v.

MR. ROTH, PFC Deputy; MR. WRIGHT, Sergeant Deputy; MR. DALTON, Lieutenant Deputy,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:22-cv-00770-MHL-MRC)

_____

Submitted:  September 19, 2024                    Decided:  September 24, 2024

_____

Before NIEMEYER, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Remanded by unpublished per curiam opinion.

_____

Dallas Saville Tillman, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dallas Saville Tillman seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint. In civil actions, parties are accorded 30 days after the entry of the district court's final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on December 4, 2023, and the appeal period expired on January 3, 2024. Tillman's notice of appeal was postmarked April 12, 2024.[*] As a result, his appeal is untimely.

However, a week prior to filing the notice of appeal, Tillman filed a notice of address change in which he implied that he had not received the court's judgment. Accordingly, we remand to the district court for the limited purpose of determining whether any of Tillman's post-judgment filings may be construed as timely motions to reopen the appeal period under Rule 4(a)(6) and, if so, whether Tillman is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date that Tillman could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).